LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Francis J. Acott (Bar No. 331813)
*francis.acott@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Amplitude, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

KYLE ATKINS and MICHAEL LUO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMPLITUDE, INC., a Delaware corporation,

Defendant.

Case No. 3:24-cv-04913-RFL

**DEFENDANT AMPLITUDE, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

Hearing: May 13, 2025
Time: 10:00 a.m.
Location: Courtroom 15—18th Floor
Judge: Hon. Rita F. Lin

## I. INTRODUCTION

Plaintiffs' central allegation is that they were unaware of and did not consent to non-party DoorDash's sharing of their information with Defendant Amplitude, Inc. ("Amplitude"), a data analytics service provider, when they used the DoorDash delivery app. Each Plaintiff claims that "[n]either [Amplitude] nor DoorDash informed or otherwise disclosed to Plaintiff" that if he used the DoorDash app, service providers like Amplitude would obtain his information. Dkt. 23 ("FAC") ¶¶ 36, 40. But that is not true: DoorDash's Privacy Policy, which is incorporated into the First Amended Complaint ("FAC") and subject to judicial notice, specifically discloses the information DoorDash collects and that DoorDash may share that information with "service providers," specifically including "analytics services."

Amplitude has moved to dismiss the FAC for lack of standing and failure to state a claim (the "Motion to Dismiss"). In support of the Motion to Dismiss, Amplitude respectfully requests that the Court take notice of the following documents attached to the Declaration of Brian Cramer ("Cramer Declaration" or "Cramer Decl.") and the Declaration of Michael H. Rubin ("Rubin Declaration" or "Rubin Decl.") submitted in connection with the Motion to Dismiss:

**<u>DoorDash's Consumer Privacy Policy</u>**

1. **Exhibit A to the Cramer Declaration**: DoorDash's Consumer Privacy Policy, dated July 1, 2024, which was in effect when this lawsuit was filed on August 8, 2024.[1]

2. **Exhibit B to the Cramer Declaration**: DoorDash's Consumer Privacy Policy, dated October 22, 2024, which was in effect when the FAC was filed on November 15, 2024.[2] Exhibits A-B are referred to herein as the "Privacy Policy."

**<u>DoorDash App</u>**

3. **Exhibit 1 to the Rubin Declaration**: the sign-up and login screen first displayed to users who download and open the DoorDash app from the Google Play Store on an Android Device (the "app welcome screen").

[1] DoorDash has updated its policy since August 2024 but the provisions relied upon in the Motion to Dismiss have not changed.

[2] As explained in the Cramer Declaration, Exhibit B reflects DoorDash's current policy, which is publicly available at https://help.doordash.com/legal/document?type=cx-privacy-policy&region=US&locale=en-US. *See* Cramer Decl. ¶ 13.

4. **Exhibit 2 to the Rubin Declaration**: the sign up page displayed to users who download the DoorDash app from the Google Play Store on an Android Device, and click "Continue with email or phone" (the "app sign up page").

These documents are properly considered by the Court because they are incorporated by reference into and are integral to Plaintiffs' FAC and subject to judicial notice under Rule 201 of the Federal Rules of Evidence.

## II. LEGAL STANDARD

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint and consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The doctrine is intended to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). Accordingly, a document is incorporated by reference in a pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja,* 889 F.3d at 1002 (citations omitted). The Ninth Circuit has extended this doctrine to situations in which "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Khoja*, 899 F.3d at 1002 ("[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003))). The doctrine "applies with equal force to internet pages as it does to printed material." *Knievel,* 393 F.3d at 1076. A court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Additionally, judicial notice is proper where the information at issue is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also id.* at (c) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."). Thus, in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may consider judicially noticeable material without converting the motion into one for summary judgment. *See, e.g., Khoja*, 899 F.3d at 999; *Ritchie*, 342 F.3d at 907–08.

## III. ARGUMENT

### A. DoorDash's Privacy Policy (Exs. A-B to the Cramer Declaration) Is Incorporated by Reference Into the Complaint And Subject to Judicial Notice

DoorDash's Privacy Policy (Exhibits A-B to the Cramer Declaration) is incorporated by reference into the FAC because Plaintiffs' claims rely on their contention that they were not aware of and did not authorize DoorDash's data collection and sharing practices, and DoorDash's Privacy Policy did just that. *See* Ex. A at §§ II-V; Ex. B at §§ II-V.

Plaintiffs' central allegation is that they were never informed that Amplitude's SDK was embedded in the DoorDash app and that their information would be shared with Amplitude. Though Plaintiffs carefully avoid mentioning DoorDash's Privacy Policy in their FAC, they allege that "[n]either [Amplitude] nor DoorDash informed or otherwise disclosed to Plaintiff[s]" that if they used the DoorDash app, service providers like Amplitude would obtain their information. FAC ¶¶ 36, 40. Indeed, Plaintiffs repeatedly assert that they "d[id] not know" that the DoorDash app embedded Amplitude's SDK or that Amplitude might receive their personal information. *See, e.g.*, *id.* ¶¶ 5, 21-24. In other words, Plaintiffs' own allegations acknowledge that whether they were sufficiently informed turns on the contents of the DoorDash app's notices and disclosures. And so does their putative class definition, which turns on whether the "app's notices or disclosures" disclosed Amplitude. *Id.* ¶ 41.

DoorDash's Privacy Policy is part of the "app's notices [and] disclosures," *id.*, and it contains the relevant disclosures about the information that DoorDash collects and shares with

service providers. *See* Ex. A at §§ II-V; Ex. B at §§ II-V. Accordingly, the Privacy Policy is integral to Plaintiffs' claims and is incorporated into the FAC by reference. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (agreement incorporated by reference because it was "integral" to determining the "authorization . . . and ownership" of the parties' disputed assets); *Libman v. Apple, Inc.*, 2024 WL 4314791, at *4 (N.D. Cal. Sept. 26, 2024) (concluding that online "welcome screens" were incorporated by reference because plaintiffs' claims related to whether defendant "disclosed its collection practices and whether Plaintiffs consented to those collection practices"); *Starks v. Geico Indem. Co.*, 2015 WL 12942282, at *2 (C.D. Cal. Nov. 10, 2015) (policy incorporated by reference because it was "crucial" to claims to the extent that it "authorize[d]" defendant's alleged activity). "Because Plaintiff[s'] claim[s] necessarily depend[] on the application of [DoorDash's privacy] policies—which relate directly to the issue of consent," the Court should hold that these documents "may appropriately be considered on a motion to dismiss." *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) (privacy policy incorporated by reference where plaintiff did not mention it but alleged he did not consent to data practices at issue in CIPA action) (citing *Knievel*, 393 F.3d at 1076); *see also Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 867 (N.D. Cal. May 20, 2022) (incorporation by reference of notices that plaintiff claims do not exist is appropriate where authenticity of materials is undisputed); *Garcia*, 78 F. Supp. 3d at 1136 (considering privacy policy where plaintiff alleged to have signed up to use service but never consented to disclosure of information). Here, there is little doubt that Plaintiffs' claims rely on DoorDash's disclosures and the authenticity of its publicly available Privacy Policy is not reasonably subject to dispute.

That the Privacy Policy is not called out in the FAC makes no difference. Courts may consider documents crucial to a plaintiff's claim but not explicitly incorporated by their complaint to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 & n.4 (9th Cir. 1998). Indeed, the "incorporation by reference" doctrine extends to precisely this type of pleading, where a plaintiff's claim "depends on the contents of a document," but "does not explicitly allege the contents of that document in the complaint." *Knievel*, 393 F.3d at 1076; *see*

*also Khoja*, 899 F.3d at 1002 (explaining that photos and captions surrounding allegedly defamatory statement were incorporated by reference because "defamation claim requires showing that the statement at issue, given its context, 'is capable of sustaining a defamatory meaning'" (quoting *Knievel*, 393 F.3d at 1073)). That way, the incorporation by reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

In addition, DoorDash's Privacy Policy is also subject to judicial notice because documents on "publicly available websites are proper subjects of judicial notice." *Asner v. SAG-AFTRA Health Fund*, 557 F. Supp. 3d 1018, 1024 (C.D. Cal. 2021) (internal quotation marks omitted). Courts routinely take judicial notice of the existence and contents of terms of use and privacy policies akin to the notices here. *See, e.g.*, *id.*; *Pica v. Delta Air Lines, Inc.*, 2018 WL 5861362, at *5 (C.D. Cal. Sept. 18, 2018) ("[T]he Court takes judicial notice of the Privacy Policy as matters of public record outside the pleadings that are not subject to reasonable dispute." (citation and internal quotation marks omitted)); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (observing that "three publicly available Google webpages" and "four versions of Google's Privacy Policy" "appear on publicly available websites and are thus proper subjects for judicial notice"); *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (judicial notice of Twitter's Terms of Service); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking notice of various Google privacy policies and terms of service because "[t]hese documents appear on publicly available websites and are thus proper subjects for judicial notice"); *Letizia v. Facebook Inc.,* 267 F. Supp. 3d 1235, 1241–42 (N.D. Cal. 2017) (taking judicial notice of Facebook's Payment Terms and Self-Serve Ad Terms); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1069 n.3 (N.D. Cal. 2016) (taking judicial notice of Yelp Privacy Policies); *In re Google, Inc. Priv. Policy Litig.*, 2012 WL 6738343, at *3–4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of "past and present Terms of Service and Privacy Policies" as "matter[s] of public record").

Accordingly, the Court may consider the Privacy Policy on the Motion to Dismiss because it is incorporated into the FAC by reference and subject to judicial notice.

### B. The DoorDash App Welcome Screen and App Sign Up Page (Exs. 1-2 to the Rubin Declaration) Are Incorporated by Reference Into the FAC and Subject to Judicial Notice

The DoorDash app's welcome screen and sign up page are also incorporated by reference into the FAC because, like DoorDash's Privacy Policy, Plaintiffs' claims necessarily rely on their allegation that they were not informed about and did not consent to DoorDash's data collection and sharing practices as part of the app's notices and disclosures.

Plaintiffs allege that they "downloaded and used the DoorDash food delivery and shopping app on [their] Android device[s] within the last year." FAC ¶¶ 33, 37. The DoorDash welcome screen (*i.e.*, what users first see when they download and open the app) and sign up page (*i.e.*, where users can sign up for DoorDash), show the sequence of screens, disclosures, and options presented to users who "download[] and use[]" the DoorDash app on an Android Device. FAC ¶¶ 33, 37. Because these Exhibits establish what users like Plaintiffs see when they "download[] and use[]" the DoorDash app on an Android, *id.*—and also where, when, and how DoorDash makes users like Plaintiffs aware of its Privacy Policy, which discloses the relevant data collection and sharing practices—Plaintiffs' claims necessarily rely on them, even if they tried to avoid referencing them explicitly in the FAC. *See Knievel*, 393 F.3d at 1076 (court may consider document "even though the plaintiff does not explicitly allege the contents of that document in the complaint" where "the plaintiffs claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document"); *see also Laatz v. Zazzle, Inc.*, 682 F. Supp. 3d 791, 804 (N.D. Cal. 2023) (screenshots of sign-up pages incorporated by reference because they formed the basis of fraud claims).

In addition, because they are publicly available and not subject to reasonable dispute, the DoorDash app's welcome screen and sign-up page are also subject to judicial notice. As explained *supra*, courts routinely take judicial notice of webpages and apps. *See Garcia*, 78 F. Supp. 3d at 1131, 1136 (taking judicial notice of log-in screen and app's sign-up process); *Novation Sols., Inc. v. Issuance Inc.*, 2023 WL 5505908, at *4 (C.D. Cal. June 27, 2023) (taking judicial notice of

social media accounts); *Lindora, LLC v. Limitless Longevity LLC*, 2016 WL 6804443, at *3 (S.D. Cal. Sept. 29, 2016) (taking judicial notice of social media accounts and online reviews).

Accordingly, the Court may consider the DoorDash app's welcome screen and sign up page on the Motion to Dismiss because they are incorporated into the FAC by reference and subject to judicial notice.

## IV. CONCLUSION

For the foregoing reasons, Amplitude respectfully requests that the Court consider on Amplitude's Motion to Dismiss the materials attached as Exhibits A-B to the Cramer Declaration and Exhibits 1-2 to the Rubin Declaration.

Dated: January 7, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Michael H. Rubin*

Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Francis J. Acott (Bar No. 331813)
*francis.acott@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Amplitude, Inc.*