Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Schuyler Ufkes*
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**Pro hac vice admission to be sought*

*Counsel for Plaintiffs and the Putative Classes*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

KYLE ATKINS and MICHAEL LUO, individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

AMPLITUDE, INC., a Delaware corporation,

*Defendant*.

Case No.: 3:24-cv-04913-RFL

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Hearing: December 2, 2025
Time: 10:00 a.m.
Location: Courtroom 15, 18th Floor
Judge: Hon. Rita F. Lin

**NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 2, 2025 at 10:00 a.m., or as soon thereafter as the parties may be heard, before the Honorable Rita F. Lin, in the United States District Court, Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, California, 94102, Plaintiffs Kyle Atkins and Michael Luo will and hereby do respectfully move this Court, pursuant to 28 U.S.C. § 1292(b), to amend its September 2, 2025 Order Granting Motion to Compel Arbitration (ECF No. 48) to certify the following controlling question of law for immediate interlocutory appeal to the Ninth Circuit:

> Whether the rule set forth in *Metalclad Corp. v. Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705 (4th Dist. 2003) and its progeny, allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance, is an arbitration-favoring rule in violation of *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).

This motion satisfies all three requirements for certification under 28 U.S.C. § 1292(b): (1) the Order involves a controlling question of law; (2) substantial ground for difference of opinion exists; and (3) immediate appeal may materially advance the ultimate termination of this litigation.

## STATEMENT OF RELIEF SOUGHT

Plaintiffs respectfully request that the Court amend its September 2, 2025 Order (ECF No. 48) to include the following certification:

> The Court hereby certifies for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) the following controlling question of law: Whether the rule set forth in *Metalclad Corp. v. Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705 (4th Dist. 2003) and its progeny, allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance, is an arbitration-favoring rule in violation of *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022). The Court finds that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

Dated: September 30, 2025

By: /s/ Rafey Balabanian
*One of Plaintiffs' Attorneys*

Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Schuyler Ufkes*
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**Pro hac vice admission to be sought*

*Counsel for Plaintiffs and the Putative Classes*

## TABLE OF CONTENTS

**INTRODUCTION** .......... 1

**BACKGROUND** .......... 2

**ARGUMENT** .......... 4

**I. The Order Involves a Controlling Question of Law** .......... 4

**II. Substantial Ground for Difference of Opinion Exists as to Whether California's Test is an Arbitration-Favoring Rule in Violation of *Morgan*** .......... 5

**III. Immediate Appeal May Materially Advance Termination of the Litigation** .......... 8

**CONCLUSION** .......... 8

## TABLE OF AUTHORITIES

Page(s)

**United States Supreme Court Cases**

*Arthur Andersen LLP v. Carlisle*,
556 U.S. 624 (2009) ....................2

*Morgan v. Sundance, Inc.*,
596 U.S. 411 (2022) ....................*passim*

**United States Court of Appeal Cases**

*Franklin v. Cmty. Reg'l Med. Ctr.*,
998 F.3d 867 (9th Cir. 2021) ....................7

*Herrera v. Cathay Pac. Airways Ltd.*,
104 F.4th 702 (9th Cir. 2024) ....................7

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981) ....................4

*In re Pac. Fertility Ctr. Litig.*,
814 F. App'x 206 (9th Cir. 2024) ....................7

*Kramer v. Toyota Motor Corp.*,
705 F.3d 1122 (9th Cir. 2013) ....................7

*MS Dealer Service Corp. v. Franklin*,
177 F.3d 942 (11th Cir. 1999) ....................2

*Reese v. BP Exploration (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) ....................5, 8

*Scheurer v. Fromm Fam. Foods LLC*,
863 F.3d 748 (7th Cir. 2017) ....................6

*Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*,
10 F.3d 753 (11th Cir. 1993) ....................2

*United States v. Kirilyuk*,
29 F.4th 1128 (9th Cir. 2022) ....................7

*Warciak v. Subway Rests., Inc.*,
880 F.3d 870 (7th Cir. 2018) ....................5

**California Supreme Court Cases**

*Alameda County Deputy Sheriff's Ass'n v. Alameda County Employees' Retirement Ass'n*, 470 P.3d 85 (Cal. 2020)....................3, 4

*City of Long Beach v. Mansell*, 476 P.2d 423 (Cal. 1970)....................2

*Ford Motor Warranty Cases*, 570 P.3d 857 (Cal. 2025)....................6

*Hohenshelt v. Sup. Ct. of L.A. Cnty.*, 573 P.3d 944 (Cal. 2025)....................7

*Hostler v. Hays*, 3 Cal. 302 (1853)....................3

*Quach v. Cal. Com. Club, Inc.*, 551 P.3d 1123 (Cal. 2024)....................7

**California Court of Appeal Cases**

*Ballesteros v. Ford Motor Co.*, 109 Cal. App. 5th 1196 (1st Dist. 2025)....................5

*Boucher v. Alliance Title Co., Inc.*, 127 Cal. App. 4th 262 (2d Dist. 2005)....................3

*Cedars-Sinai Med. Ctr. v. Shewry*, 137 Cal. App. 4th 964 (2d Dist. 2006)....................3

*Davis v. Nissan North America, Inc.*, 100 Cal. App. 5th 825 (4th Dist. 2024)....................5, 7

*Doe v. Marten*, 49 Cal. App. 5th 1022 (1st Dist. 2020)....................3

*Emps. Mut. Cas. Co. v. Phila. Indem. Ins. Co.*, 169 Cal. App. 4th 340 (2d Dist. 2008)....................3

*Felisilda v. FCA US LLC*, 53 Cal. App. 5th 486 (3d Dist. 2020)....................3

*Garcia v. Pexco, LLC*, 11 Cal. App. 5th 782 (4th Dist. 2017)....................3

*Golden Day Schs., Inc. v. Dep't of Educ.*,
69 Cal. App. 4th 681 (3d Dist. 1999) ....................................................................................3

*Goldman v. KPMG, LLP*,
173 Cal. App. 4th 209 (2d Dist. 2009) ..................................................................................3

*In re Marriage of Turkanis & Price*,
213 Cal. App. 4th 332 (2d Dist. 2013) ..................................................................................3

*In re Marriage of Valle*,
53 Cal. App. 3d 837 (1st Dist. 1975).....................................................................................3

*Metalclad Corp. v. Ventana Environmental Organizational Partnership*,
109 Cal. App. 4th 1705 (4th Dist. 2003) ........................................................................*passim*

*Nellie Gail Ranch Owners Ass'n v. McMullin*,
4 Cal. App. 5th 982 (4th Dist. 2016) .....................................................................................3

*Turtle Ridge Media Grp., Inc. v. Pac. Bell Directory*,
140 Cal. App. 4th 828 (2d Dist. 2006) ..................................................................................3

**State Supreme Court Cases**

*Santich v. VCG Holding Corp.*,
443 P.3d 62 (Colo. 2019).......................................................................................................5

*Hirsch v. Amper Fin. Servs., LLC*,
71 A.3d 849 (N.J. 2013) ........................................................................................................5

**Statutes**

28 U.S.C. § 1292(b) ..........................................................................................................4, 8

**Other Authorities**

Myriam Gilles, *Arbitration's Unraveling*, 172 U. Pa. L. Rev. 1063 (2024)......................................6

## INTRODUCTION

Citing equitable estoppel, Defendants moved to compel arbitration pursuant to an agreement to which they were not signatories. Plaintiffs responded by arguing (among other things) that California courts have impermissibly created a two-tiered system of equitable estoppel whereby non-signatories seeking to enforce arbitration agreements face a lower bar than normally required under traditional principles of equitable estoppel. Specifically, Plaintiffs argued that the elimination of detrimental reliance as an element of equitable estoppel in the context of non-signatories seeking to compel arbitration is an arbitration-favoring rule in violation of *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), which held that the Federal Arbitration Act ("FAA") prohibits courts from creating "bespoke rule[s]" that favor arbitration over litigation. *Id.* at 417–19. This Court disagreed and granted the motion to compel arbitration.

Plaintiffs respectfully request that the Court certify for interlocutory appeal the following question: Whether the rule set forth in *Metalclad Corp. v. Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705 (4th Dist. 2003) and its progeny, allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance, is an arbitration-favoring rule in violation of *Morgan*. Each of the three requirements for interlocutory review is met. First, the question is outcome-determinative. If the Ninth Circuit holds that the rule set forth in *Metalclad* and its progeny violates *Morgan* and that traditional principles of equitable estoppel apply, Defendants will have to establish detrimental reliance, a showing that they have not made and cannot make. Second, whether this rule is an improper arbitration-favoring rule is a question over which reasonable jurists can disagree. Indeed, courts throughout the country, as well as the appellate courts and Supreme Court of California, have wrestled with this issue and reached contrary conclusions. Third, interlocutory review could materially advance the ultimate termination of this litigation. If the Ninth Circuit agrees with Plaintiffs that Defendants cannot enforce the arbitration agreement, immediate review will allow the litigation to proceed without the cost and delay of an unnecessary arbitration.

## BACKGROUND

In California, the development of equitable estoppel in the context of non-signatories to an arbitration agreement began with *Metalclad Corp.*, 109 Cal. App .4th 1705. *Metalclad* characterized the issue as one "of first impression in California." *Id.* at 1715. Rather than looking to California's well-established traditional equitable estoppel doctrine, however, which had required detrimental reliance for over 150 years, *see City of Long Beach v. Mansell*, 476 P.2d 423, 442 (Cal. 1970), *Metalclad* explicitly declared that "federal law, not state law" controlled this question. 109 Cal. App .4th at 1712.

To discern this purported "federal" standard, *Metalclad* looked outside California entirely, relying on two Eleventh Circuit decisions: *MS Dealer Service Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999) and *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753 (11th Cir. 1993). These federal cases allowed non-signatories to compel arbitration when claims were "intimately founded in and intertwined with" a contract—explicitly to advance a purported "federal policy favoring arbitration." *Metalclad*, 109 Cal. App. 4th at 1712–13 (quotations omitted).

The *Metalclad* court believed it was bound to apply this test as part of the "federal substantive law of arbitrability." *Id.* at 1712–13 (quotation omitted). But six years after *Metalclad*, the Supreme Court definitively rejected its foundational premise. In *Arthur Andersen LLP v. Carlisle*, the court held that the FAA does not "alter background principles of state contract law regarding the scope of agreements (including the question of who is bound by them)." 556 U.S. 624, 630–31 (2009). "[S]tate law, therefore, is applicable to determine which contracts are binding under [FAA] § 2 and enforceable under [FAA] § 3 if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Id.* (alteration in original) (citation and internal quotation marks omitted). The court specifically noted that state law governs "estoppel." *Id.* at 631.

The Eleventh Circuit cases on which *Metalclad* relied—*MS Dealer* and *Sunkist*—were both abrogated by *Arthur Andersen*. *See* 556 U.S. at 630–31. But despite *Arthur Andersen*, California appellate courts continued to uncritically apply and expand *Metalclad*'s holding. For example, the

appellate court in *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209 (2d Dist. 2009), stated it was applying "governing federal law." *Id.* at 219; *see also Boucher v. Alliance Title Co., Inc.*, 127 Cal. App. 4th 262, 268 (2d Dist. 2005) (stating that whether a non-signatory can rely on an arbitration clause to compel a plaintiff to arbitrate "is answered not by state law, but by the federal substantive law of arbitrability"); *Turtle Ridge Media Grp., Inc. v. Pac. Bell Directory*, 140 Cal. App. 4th 828, 832–33 (2d Dist. 2006) (answering the same question by "turn[ing] to federal arbitration law"); *Garcia v. Pexco, LLC*, 11 Cal. App. 5th 782, 785–86 (4th Dist. 2017) (citing *Boucher* and *Metalclad* without further analysis); *Felisilda v. FCA US LLC*, 53 Cal. App. 5th 486, 495–96 (3d Dist. 2020) (citing *Boucher* and *Goldman* without further analysis).

Notably, the California Supreme Court has never endorsed the *Metalclad* standard and has never wavered from the traditional equitable estoppel rule. As recently as 2020, in *Alameda County Deputy Sheriff's Ass'n v. Alameda County Employees' Retirement Ass'n*, 470 P.3d 85, 106–07 (Cal. 2020), the Court reaffirmed that equitable estoppel requires four elements, including that the party invoking estoppel must have "rel[ied] upon the conduct to his injury." *Id.* at 106 (noting that "[e]quitable estoppel generally must be premised on some type of representation, ordinarily false, about a set of circumstances[]" on which the party invoking estoppel relied to its detriment). This traditional rule traces back over 150 years. *See Hostler v. Hays,* 3 Cal. 302, 306–07 (1853) (equitable estoppel requires that someone "by his representations has led others to act"). In every other context,[1] California courts are clear that "[w]ithout detrimental reliance, there can be no estoppel." *Golden Day Schs., Inc. v. Dep't of Educ.*, 69 Cal. App. 4th 681, 693 (3d Dist. 1999).

[1] *See Cedars-Sinai Med. Ctr. v. Shewry*, 137 Cal. App. 4th 964, 987 (2d Dist. 2006) (contracts); *Doe v. Marten*, 49 Cal. App. 5th 1022, 1028–32 (1st Dist. 2020) (medical malpractice); *Nellie Gail Ranch Owners Ass'n v. McMullin,* 4 Cal. App. 5th 982, 998–99 (4th Dist. 2016) (real estate); *In re Marriage of Turkanis & Price*, 213 Cal. App. 4th 332, 352–53 (2d Dist. 2013) (community property); *Emps. Mut. Cas. Co. v. Phila. Indem. Ins. Co.*, 169 Cal. App. 4th 340, 349–50 (2d Dist. 2008) (insurance contribution); *In re Marriage of Valle,* 53 Cal. App. 3d 837, 840–42 (1st Dist. 1975) (child custody and marital support).

## ARGUMENT

*Morgan* bars the creation of "bespoke rule[s]" that favor arbitration over litigation. 596 U.S. at 417–19. Plaintiffs contend that the rule from *Metalclad* and its progeny—that non-signatories to an arbitration agreement do not need to establish detrimental reliance in order to invoke equitable estoppel—is just such a rule. While this Court disagreed, Plaintiffs respectfully request that the question be certified for interlocutory review pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides that a district court may certify an interlocutory order for appeal when: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). All three criteria are satisfied here.

### I. The Order Involves a Controlling Question of Law

A "controlling question of law" is one that could "materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig*., 673 F.2d 1020, 1026 (9th Cir. 1981). Whether *Metalclad* and its progeny's rule allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance is an arbitration-favoring rule in violation of *Morgan* presents a pure question of law that is outcome-determinative here.

Equitable estoppel was the only ground on which Defendants asserted a right to enforce the arbitration agreement to which they were not signatories. If Plaintiffs are correct that detrimental reliance is required for Defendants to invoke equitable estoppel, the motion to compel arbitration must fail. As Plaintiffs explained in their opposition, detrimental reliance requires some affirmative representation by the party sought to be estopped that was intended to induce reliance by the party invoking estoppel. (Dkt. No. 40 at 5–6 (citing *Alameda Cnty.*, 470 P.3d at 106)). Here, Plaintiffs made no representation and engaged in no conduct intended to induce Defendants into believing that Plaintiffs would arbitrate any dispute that might arise between them, nor do Defendants claim that they held such a mistaken belief or that it took any action in detrimental reliance on such a belief. If detrimental reliance is required to establish equitable estoppel here, the motion to compel

arbitration should have been denied rather than granted. That difference materially affected the outcome of the litigation—it stopped the litigation entirely in favor of arbitration—and is thus a controlling question of law.

### II. Substantial Ground for Difference of Opinion Exists as to Whether California's Test is an Arbitration-Favoring Rule in Violation of *Morgan*

"Substantial ground for difference of opinion" exists when "reasonable jurists might disagree on an issue's resolution." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Reasonable jurists might—indeed, they do—disagree as to whether allowing non-signatories to enforce arbitration agreements through equitable estoppel without showing detrimental reliance is an improper arbitration-favoring rule.

In *Ballesteros v. Ford Motor Co.*, for example, the California Court of Appeals noted that the term "equitable estoppel" is "a bit of a misnomer" in this context because it "does not require the nonsignatory's detrimental reliance . . . *as traditional equitable estoppel would*." 109 Cal. App. 5th 1196, 1207 n.2 (1st Dist. 2025) (emphasis added). And in *Davis v. Nissan North America, Inc.*, the California Court of Appeals was troubled by the fact that *Metalclad* created two distinct doctrines in California: "In the arbitration context, California courts have not applied the four traditional elements for equitable estoppel" that the Supreme Court of California has consistently required. 100 Cal. App. 5th 825, 835 n.3 (4th Dist. 2024). The *Davis* court did not rule that *Metalclad*'s rule was impermissibly arbitration-specific "because it ha[d] not been briefed by the parties." *Id*. But as the *Davis* court noted, "other jurisdictions have rejected such an arbitration-specific version of equitable estoppel" that does away with detrimental reliance. *Id*.; *Santich v. VCG Holding Corp.* 443 P.3d 62, 65–66 (Colo. 2019) ("We see no compelling reason to depart from our traditionally defined elements of equitable estoppel [including detrimental reliance] to craft an arbitration-specific rule."); *Hirsch v. Amper Fin. Servs., LLC,* 71 A.3d 849, 857–60 (N.J. 2013) ("Stated simply, we reject intertwinement as a theory for compelling arbitration when its application is untethered to any . . . evidence of detrimental reliance . . . ."); *Warciak v. Subway Rests., Inc.* 880 F.3d 870, 872 (7th Cir. 2018) (applying Illinois law to hold that because "Subway

cannot show detrimental reliance. . . . Subway cannot rely on estoppel to enforce the arbitration agreement"); *Scheurer v. Fromm Fam. Foods LLC,* 863 F.3d 748, 753 (7th Cir. 2017) (noting Wisconsin law "reject[s] equitable estoppel claims when the party seeking to apply estoppel could not show specific facts supporting reasonable and detrimental reliance").

The California Supreme Court has explicitly reserved the possibility that the *Metalclad* line of cases does not survive *Morgan*. That court recently decided *Ford Motor Warranty Cases*, 570 P.3d 857 (Cal. 2025), which involved non-signatory manufacturers seeking to enforce arbitration agreements between dealers and consumers. The court "conclude[d] this estoppel approach has no application" to Ford's attempt to compel arbitration, but critically, it did so without reaching the *Morgan* question presented here. *Id.* at 859. The court found that Ford could not invoke equitable estoppel because the plaintiffs' claims flowed "not from the contract where the arbitration clause appears, but from obligations imposed by statute or conventional fraud duties." *Id.* Because the warranty obligations arose from statutes like the Song-Beverly Act—not from the sales contracts themselves—the court was able to reject Ford's equitable estoppel argument on these narrower, fact-specific grounds.

Significantly, the court expressly declined to reach the broader question presented here—whether *Metalclad*'s equitable estoppel doctrine itself violates *Morgan*. In footnote 4, the court acknowledged: "As an alternative argument, plaintiffs contend that *Metalclad*'s analysis runs afoul of *Morgan v. Sundance, Inc., supra*, 596 U.S. 411. . . . In light of our resolution here, we need not, and do not, address plaintiffs' alternative argument." *Id.* at 863–64 n.4. This explicit reservation of the *Morgan* question underscores the substantial ground for difference of opinion. Commentators, too, have questioned whether state-law equitable estoppel case law involving non-signatories seeking to compel arbitration survives *Morgan*. *See* Myriam Gilles, *Arbitration's Unraveling*, 172 U. Pa. L. Rev. 1063, 1094 (2024) ("[T]he entire edifice of state-law estoppel principles supporting nonsignatory arbitration should, by all logic, come crumbling down in the wake of *Morgan*.").

Other California Supreme Court decisions have attacked *Metalclad*'s underlying rationale that a "policy favoring arbitration" justifies eliminating the detrimental reliance requirement for

non-signatories seeking to compel arbitration through equitable estoppel. *Hohenshelt v. Sup. Ct. of L.A. Cnty.*, 573 P.3d 944, 949 (Cal. 2025) (after *Morgan*, the FAA preempts California laws that "deviate from generally applicable state law contract principles" or "invent special, arbitration-preferring procedural rules") (internal quotation marks and citations omitted); *Quach v. Cal. Com. Club, Inc.*, 551 P.3d 1123, 1129 (Cal. 2024) (after *Morgan*, "our determination of whether [a rule is arbitration-specific] is governed by generally applicable state law contract principles"). This further underscores the grounds for substantial difference of opinion.

That the Ninth Circuit has cited and applied the *Metalclad* line of cases (even post-*Morgan*) does not indicate a lack of substantial ground for difference of opinion. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013); *In re Pac. Fertility Ctr. Litig.*, 814 F. App'x 206 (9th Cir. 2020); *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867 (9th Cir. 2021); *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702 (9th Cir. 2024). Those decisions reflect a lack of consideration, not a reasoned prediction that the Supreme Court of California would endorse *Metalclad*'s standard. *Herrera, Kramer, In re Pacific Fertility Center* and *Franklin* accepted the version of equitable estoppel from *Metalclad* at face value, and, as in *Davis*, it does not appear that any of the parties in those cases raised the issue of that test's origins in federal case law and its departure from traditional equitable estoppel principles. "Questions that merely lurk in the record, neither brought to the court's attention nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *United States v. Kirilyuk*, 29 F.4th 1128, 1134 (9th Cir. 2022) (cleaned up).

As illustrated by the California appellate and Supreme Court opinions expressing concern over the issue (as well as the state and federal courts applying Colorado, New Jersey, Illinois, and Wisconsin law), there is substantial ground for difference of opinion as to whether allowing non-signatories to enforce arbitration agreements through equitable estoppel without showing detrimental reliance is an improper arbitration-favoring rule.

### III. Immediate Appeal May Materially Advance Termination of the Litigation

Finally, immediate review of the Court's arbitration order may materially advance termination of the litigation. If the Ninth Circuit agrees with Plaintiffs that Defendants cannot enforce the arbitration agreement, immediate review will allow the litigation to proceed without the cost and delay of an unnecessary arbitration. Absent certification under section 1292(b), Plaintiffs cannot appeal until after an arbitration is completed and this Court confirms or vacates whatever award is ultimately entered by the arbitrator.

That a reversal of this Court's order compelling arbitration would not have "a final, dispositive effect on the litigation" is of no moment; Section 1292(b)'s text and controlling precedent require "only that it 'may materially advance' the litigation." *Reese*, 643 F.3d at 688 (quoting 28 U.S.C. § 1292(b)). A reversal by the Ninth Circuit allowing Plaintiffs' claims to proceed in litigation rather than arbitration would do just that, making certification of interlocutory appeal appropriate. *See id*. Moreover, resolution of this issue will provide critical guidance for countless other cases in California where non-signatories seek to compel arbitration. *E.g., Woods v. Verve Grp. Eur. GMBH,* No. 24-cv-04909 (N.D. Cal.) (currently pending motion to compel arbitration on this exact issue).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court amend its September 2, 2025 Order (ECF No. 48) to include the following certification:

> The Court hereby certifies for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) the following controlling question of law: Whether the rule set forth in *Metalclad Corp. v. Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705 (4th Dist. 2003) and its progeny, allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance, is an arbitration-favoring rule in violation of *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022). The Court finds that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

Respectfully submitted,

**KYLE ATKINS and MICHAEL LUO,** individually and on behalf of all others similarly situated,

Dated: September 30, 2025

By: /s/ Rafey Balabanian
*One of Plaintiffs' Attorneys*

Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Schuyler Ufkes*
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**Pro hac vice admission to be sought*

*Counsel for Plaintiffs and the Putative Classes*