LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Francis J. Acott (Bar No. 331813)
*francis.acott@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Amplitude, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KYLE ATKINS and MICHAEL LUO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>AMPLITUDE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:24-cv-04913-RFL<br><br>**DEFENDANT AMPLITUDE, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Hearing: December 16, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 15—18th Floor<br>Judge: Hon. Rita F. Lin |

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 3

III. ARGUMENT ..... 4

A. There is No Substantial Ground for Difference of Opinion ..... 4

B. Interlocutory Appeal Would Undermine the FAA and Not Materially Advance Termination of this Litigation ..... 9

C. The Order Does Not Involve a Controlling Question of Law ..... 10

IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES


*AGK Sierra De Montserrat, L.P. v. Comerica Bank*, 109 F.4th 1132 (9th Cir. 2024) ........ 6

*AMI – Gov't Emps. Provident Fund Mgmt. Co. Ltd. v. Alphabet Inc.*, 2025 WL 2578281 (N.D. Cal. Sept. 5, 2025) ........ 3, 10

*Appel v. Concierge Auctions, LLC*, 2018 WL 4700472 (S.D. Cal. Oct. 1, 2018) ........ 9

*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009) ........ 5

*Ballesteros v. Ford Motor Co.*, 109 Cal. App. 5th 1196 (2005) ........ 5, 6, 7

*Bender v. Twilio Inc.*, 2025 WL 2308484 (N.D. Cal. Aug. 11, 2025) ........ passim

*Bluestar Genomics v. Song*, 2024 WL 54701 (N.D. Cal. Jan. 4, 2024) ........ 4

*Captain Bounce, Inc. v. Bus. Fin. Servs., Inc.*, 2012 WL 12846977 (S.D. Cal. May 21, 2012) ........ 9

*Coinmint, LLC v. DX Corr Design, Inc.*, 2023 WL 9595893 (N.D. Cal. Apr. 24, 2023) ........ 6

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010) ........ 2, 3, 4, 7

*Davis v. Nissan N. Am., Inc.*, 100 Cal. App. 5th 825 (2024) ........ 6, 7

*E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742 (9th Cir. 2003) ........ 10

*EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002) ........ 10

*Ford Motor Warranty Cases*, 17 Cal. 5th 1122 (2025) ........ passim

*Franklin v. Cmty. Reg'l Med. Ctr.*,
998 F.3d 867 (9th Cir. 2021) ....................4, 6

*GE Energy Power Conversion France SAS v. Outokumpu Stainless USA, LLC*,
590 U.S. 432 (2020)....................5

*Goldman v. KPMG, LLP*,
173 Cal. App. 4th 209 (2009) ....................1, 5

*Gonzalez v. Nowhere Beverly Hills LLC*,
107 Cal. App. 5th 111 (2024) ....................6

*Herrera v. Cathay Pac. Airways Ltd.*,
104 F.4th 702 (9th Cir. 2024) ....................1, 5, 6

*Hirsch v. Amper Fin. Servs., LLC*,
71 A.3d 849 (N.J. 2013)....................8

*Hunt v. Meta Platforms, Inc.*,
735 F. Supp. 3d 1133 (N.D. Cal. 2024) ....................2

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022) ....................3

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981) ....................9

*In re LDK Solar Sec. Litig.*,
584 F. Supp. 2d 1230 (N.D. Cal. 2008) ....................3

*In re Pac. Fertility Ctr. Litig.*,
814 F. App'x 206 (9th Cir. 2020) ....................6

*James v. Price Stern Sloan*,
283 F.3d 1064 (9th Cir. 2002) ....................3

*James v. Venture Home Solar, LLC*,
715 F. Supp. 3d 203 (D. Conn. 2024)....................1, 7

*Kramer v. Toyota Motor Corp.*,
705 F.3d 1122 (9th Cir. 2013) ....................1, 5, 6

*L. W. A. v. LinkedIn Corp.*,
2025 WL 2780788 (N.D. Cal. Sept. 30, 2025) ....................2, 5, 6

*Metalclad Corp. v. Ventana Env't Organizational P'ship*,
109 Cal. App. 4th 1705 (2002) ....................1

*Miller v. Gammie*,
335 F.3d 889 (9th Cir. 2003) ....................1, 6

*Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.*,
186 Cal. App. 4th 696 (2010) ....................4

*Morgan v. Sundance, Inc.*,
596 U.S. 411 (2022)....................1, 4, 7

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)....................3, 9

*Munoz v. Conduent State & Local Solns., Inc.*,
2025 WL 799482 (10th Cir. Mar. 13, 2025)....................6

*Nutanix, Inc. v. Tessell, Inc.*,
2025 WL 793652 (N.D. Cal. Mar. 12, 2025)....................6

*Perry-Hudson v. Twilio, Inc.*,
2024 WL 4933332 (N.D. Cal. Dec. 2, 2024)....................2, 6

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
388 U.S. 395 (1967)....................9

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) ....................4

*Santich v. VCG Holding Corp.*,
443 P.3d 62 (Colo. 2019)....................8

*Scheurer v. Fromm Fam. Foods LLC*,
863 F.3d 748 (7th Cir. 2017) ....................8

*Slaught v. Bencomo Roofing Co.*,
25 Cal. App. 4th 744 (1994) ....................10

*Smith v. Spizzirri*,
601 U.S. 472 (2024)....................3, 9

*Theodore v. Am. Express Nat'l Bank*,
2025 WL 1294648 (N.D. Cal. May 5, 2025)....................9

*TIBCO Software, Inc. v. RapidMiner, Inc.*,
2017 WL 1709607 (Cal. Ct. App. May 3, 2017)....................5

*Torres v. Nissan N. Am., Inc*,
2022 WL 14147528 (Cal. Super. Ct. Aug. 17, 2022)....................1, 6

*Turing Video Tech., Inc. v. AGI7 Inc.*,
2025 WL 579190 (N.D. Cal. Feb. 21, 2025) ....................6

*United States Rubber Co. v. Wright*,
359 F.2d 784 (9th Cir. 1966) ....................4

*Universal-Inv.-Gesellschaft mbH v. Seagate Tech. Holdings PLC*,
2025 WL 2494371 (N.D. Cal. Aug. 29, 2025) ....................2, 3

*Wang v. Zymergen Inc.*,
759 F. Supp. 3d 1002 (N.D. Cal. 2024) ....................10

*Warciak v. Subway Rests., Inc.*,
880 F.3d 870 (7th Cir. 2018) ....................8

**STATUTES**

28 U.S.C. § 1292 ....................2, 3, 4, 10

9 U.S.C. § 16 ....................9

## I. INTRODUCTION

Plaintiffs' Motion for Certification of Interlocutory Appeal (the "Motion") is a baseless request that flies in the face of multiple decisions from courts in this District and California state court. It should be denied.

Plaintiffs ask this Court to certify for interlocutory appeal the question of whether California's equitable estoppel test is an arbitration-favoring rule in violation of the U.S. Supreme Court's decision in *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), which prohibits federal courts from creating "arbitration-specific variants of federal procedural rules" based on Federal Arbitration Act ("FAA") policy. *See* Dkt. 49 ("Mot.") at 4. Not a single California court has endorsed Plaintiffs' tortured reading of *Morgan*, and Plaintiffs' argument has already been rejected by another court in this District, one California state court, and courts outside California. *See Bender v. Twilio Inc.*, 2025 WL 2308484, at *6-7 (N.D. Cal. Aug. 11, 2025); *Torres v. Nissan N. Am., Inc*, 2022 WL 14147528, at *4 (Cal. Super. Ct. Aug. 17, 2022); *James v. Venture Home Solar, LLC*, 715 F. Supp. 3d 203, 210–13 (D. Conn. 2024). And for good reason: equitable estoppel is neither a federal procedural rule nor an arbitration-favoring doctrine, and *Morgan* expressly did not disturb state substantive law like equitable estoppel.

Against that backdrop, the Court rightly ordered Plaintiffs to arbitrate their claims against Amplitude, Inc. ("Amplitude"), applying the same equitable estoppel test used by California courts for more than two decades, including the Ninth Circuit, California Court of Appeal, and other courts in this District.[1] Dkt. 48 ("Order") at 6. Curiously, Plaintiffs have not argued and certainly have not met the high bar of establishing that *Morgan* overruled that prior Ninth Circuit precedent. *See Miller v. Gammie,* 335 F.3d 889, 900 (9th Cir. 2003) (requiring decision to "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable"). This Court's holding was also consistent with decisions from multiple courts in this District compelling arbitration of similar privacy claims pursuant to equitable estoppel in the

---

[1] *See, e.g.*, *Metalclad Corp. v. Ventana Env't Organizational P'ship*, 109 Cal. App. 4th 1705 (2002); *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209 (2009); *Ford Motor Warranty Cases*, 17 Cal. 5th 1122, 1131 (2025); *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702 (9th Cir. 2024); *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013).

past few months alone. *See Perry-Hudson v. Twilio, Inc.*, 2024 WL 4933332 (N.D. Cal. Dec. 2, 2024); *Bender*, 2025 WL 2308484, at * 6-7; *L. W. A. v. LinkedIn Corp.*, 2025 WL 2780788, at *4 (N.D. Cal. Sept. 30, 2025); *Hunt v. Meta Platforms, Inc.*, 735 F. Supp. 3d 1133, 1137 (N.D. Cal. 2024). It is also consistent with the California Supreme Court's recent decision in *Ford Motor Warranty Cases*, which applied the same equitable estoppel test used by this Court—and, tellingly, declined to endorse Plaintiffs' argument. *See* 17 Cal. 5th at 1133 n.4. Plaintiffs' suggestion that the Ninth Circuit now needs to decide a question of California law because the California Supreme Court ignored their argument defies logic.

Rather than accept the Court's well-supported conclusion, Plaintiffs ask the Court to undermine its own reasoning and ignore binding precedent so Plaintiffs can try their unsupported argument at the Ninth Circuit. But Section 1292(b) is not a vehicle for taking a mulligan—it is reserved for "exceptional circumstances." *Universal-Inv.-Gesellschaft mbH v. Seagate Tech. Holdings PLC*, 2025 WL 2494371, at *1 (N.D. Cal. Aug. 29, 2025). Under Section 1292(b), Plaintiffs must establish that (1) there is substantial ground for difference of opinion as to the question; (2) immediate appeal would materially advance the ultimate termination of the litigation; and (3) the order implicates a controlling question of law. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citing 28 U.S.C. § 1292(b)). Plaintiffs fail to satisfy each and every element of this test.

*First*, there is no ground for a difference of opinion as to whether California's equitable estoppel doctrine violates *Morgan*. Plaintiffs' bald assertion that "courts throughout the country, as well as the appellate courts and Supreme Court of California, have wrestled with this issue and reached contrary conclusions" is simply not true and belied by the cases they cite. Mot. at 1. The supposed disagreement that Plaintiffs describe consists of (a) three California decisions where the courts acknowledged that parties had made the same argument Plaintiffs make here but declined to address it, and in any event applied the same equitable estoppel doctrine as the Court did here, and (b) several cases from other jurisdictions—all predating *Morgan*—where the courts held that the laws of *other states* require detrimental reliance for equitable estoppel. No court has endorsed Plaintiffs' argument under California law, and Judge Martínez-Olguín recently rejected this

precise argument from Plaintiffs' counsel. *See Bender*, 2025 WL 2308484, at *6-7.

*Second*, an immediate appeal will not materially advance the termination of this litigation. To the contrary, an appeal will only further delay arbitration and thus run counter to the directives of the Supreme Court and the FAA to "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).

*Finally*, the Motion does not present a controlling question of law under Section 1292(b). Though Plaintiffs have tried to dress up their request as limited to a narrow question related to the legal standard, it is clear that what Plaintiffs seek is appellate review of the Court's decision to send this case to arbitration and application of the equitable estoppel test to their allegations.

## II. LEGAL STANDARD

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *AMI – Gov't Emps. Provident Fund Mgmt. Co. Ltd. v. Alphabet Inc.*, 2025 WL 2578281, at *1 (N.D. Cal. Sept. 5, 2025). Requests for certification of interlocutory appeal are "granted only in exceptional circumstances." *Universal-Inv.-Gesellschaft*, 2025 WL 2494371, at *1 (denying certification); *see also ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). Under Section 1292(b), a district court *may* certify a non-final order for interlocutory appeal if (1) the order "implicate[s] 'a controlling question of law,'" (2) there is "'substantial ground for difference of opinion' as to the question," and (3) immediate appeal "'may materially advance the ultimate termination of the litigation.'" *Couch*, 611 F.3d at 633 (citing 28 U.S.C. § 1292(b)). "Even if these three requirements are satisfied, a district court still has the discretion in deciding whether or not to grant a party's motion for certification." *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008). The party seeking certification bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* Section 1292(b) "was not intended merely to provide review of difficult rulings in

hard cases." *Bluestar Genomics v. Song*, 2024 WL 54701, at *5 (N.D. Cal. Jan. 4, 2024) (quoting *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

## III. ARGUMENT

### A. There is No Substantial Ground for Difference of Opinion

To determine if a substantial ground for difference of opinion exists under Section 1292(b), "courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. Courts look to whether the issue is one "over which reasonable judges might differ" and whether the "uncertainty provides a credible basis for a difference of opinion." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (citation omitted). Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (citation omitted). A party's "strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Id.* (internal quotation marks omitted).

The requirements for compelling arbitration pursuant to California's equitable estoppel doctrine are clear, and there is no ground for a difference of opinion here. As Amplitude explained in the briefing on the Motion to Compel Arbitration (*see* Dkt. 41 at 9-10), Plaintiffs misread *Morgan*, which was limited to whether federal courts may "create arbitration-specific variants of federal procedural rules, like those concerning waiver, based on the FAA's 'policy favoring arbitration.'" 596 U.S. at 416–17 (citation omitted). The Supreme Court's "sole holding" was that federal courts "may not make up a new *procedural* rule based on the FAA's 'policy favoring arbitration.'" 596 U.S. at 419 (emphasis added). Equitable estoppel is not a made-up "procedural rule"; it is a substantive rule stemming from California contract law principles.[2] *See, e.g., Franklin*

---

[2] Plaintiffs also suggest that California courts have been improperly applying federal law rather than state law when compelling arbitration under the equitable estoppel doctrine. *See* Mot. at 2-3. They are wrong. California courts have made clear that the arbitration-specific version of equitable estoppel is a matter of state law. *See, e.g.*, *Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.*, 186 Cal. App. 4th 696, 714 (2010) ("Though its use in this context developed under federal

*v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 874 (9th Cir. 2021) (explaining that the arbitration-specific version of equitable estoppel is substantive under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)); *see also Herrera*, 104 F.4th at 707 (looking to "California contract law" to determine whether nonsignatory "may compel arbitration under the agreement based on equitable estoppel"). And, as Plaintiffs acknowledge, the Supreme Court has made clear that the FAA does not "purport[] to alter background principles of state contract law," including "equitable estoppel." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-32 (2009); *see also GE Energy Power Conversion France SAS v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 438 (2020) ("[T]he FAA permits a nonsignatory to rely on state-law equitable estoppel doctrines to enforce an arbitration agreement."). *Morgan* simply has no relevance here.

Nor is equitable estoppel an "arbitration-preferring" rule as Plaintiffs suggest. As the Court rightly acknowledged, equitable estoppel is simply "an application of the general equitable principle of contract law to the arbitration context." Order at 6.[3] Rather than favoring arbitration, the doctrine puts arbitration on a level playing field with other contracts by preventing a party from trying to skirt their arbitration agreement. Despite raising this same argument in the Motion to Compel Arbitration briefing (*see* Dkt. 40 at 7-8, Dkt. 41 at 10-11), Plaintiffs *still* fail to explain why the equitable estoppel doctrine is supposedly arbitration-preferring—much less that there is a substantial ground for difference of opinion on that issue.

Contrary to Plaintiffs' suggestion (Mot. at 5[4]), there is no disagreement among California courts as to whether the equitable estoppel doctrine is an arbitration-favoring rule in violation of *Morgan*. As even Plaintiffs acknowledge (Mot. at 7), the Ninth Circuit has cited and applied the equitable estoppel test articulated in *Metalclad* multiple times, including following the Supreme

---

arbitration law, the doctrine [of arbitration-specific equitable estoppel] applies with equal force under California law."); *TIBCO Software, Inc. v. RapidMiner, Inc.*, 2017 WL 1709607, at *7 (Cal. Ct. App. May 3, 2017) (similar).

[3] Indeed, courts frequently invoke principles of equity in compelling arbitration under equitable estoppel—including in the cases Plaintiffs cite in their Motion. *See, e.g.*, *Herrera*, 104 F.4th at 710; *Kramer*, 705 F.3d at 1133; *Goldman*, 173 Cal. App. 4th at 220; *Ballesteros v. Ford Motor Co.*, 109 Cal. App. 5th 1196, 1219 (2005) (fairness is an "overriding concern in equitable estoppel cases"); *Bender*, 2025 WL 2308484, at *6-7; *LinkedIn Corp.*, 2025 WL 2780788, at *4.

[4] As discussed *infra*, Plaintiffs' assertion that reasonable jurists "indeed" disagree is not true.

Court's decision in *Morgan*.[5] *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013); *In re Pac. Fertility Ctr. Litig.*, 814 F. App'x 206 (9th Cir. 2020); *Franklin*, 998 F.3d 867; *Herrera*, 104 F.4th 702. So have district courts in this Circuit following *Morgan*,[6] which is unsurprising given that "Ninth Circuit precedent interpreting state law is 'binding in the absence of any subsequent indication from the California courts that [the Ninth Circuit's] interpretation was incorrect.'"[7] *Bender*, 2025 WL 2308484, at *6 (quoting *AGK Sierra De Montserrat, L.P. v. Comerica Bank*, 109 F.4th 1132, 1136 (9th Cir. 2024)). And there is no indication from the California appellate courts that the Ninth Circuit is incorrect: the California Court of Appeal has applied the same equitable estoppel test since *Metalclad*, and, as explained below, the California Supreme Court recently did the same. *See Ballesteros*, 109 Cal. App. 5th at 1207; *Davis v. Nissan N. Am., Inc.*, 100 Cal. App. 5th 825, 834-35 (2024); *Gonzalez v. Nowhere Beverly Hills LLC*, 107 Cal. App. 5th 111, 118 (2024); *Ford Motor Warranty Cases*, 17 Cal. 5th 1122 (applying the arbitration-specific version of equitable estoppel but finding that defendant failed to satisfy it).

Moreover, Plaintiffs' mis-reading of *Morgan* has been expressly rejected by several courts. In fact, Plaintiffs' counsel made (and lost) this same argument in a case before Judge Martínez-Olguín just two months ago. *See Bender*, 2025 WL 2308484, at *6 (rejecting argument that "elements of equitable estoppel set out in cases like *Kramer*, 705 F.3d at 1128, is an incorrect

---

[5] As Amplitude explained in its Reply, this is outcome determinative. To overcome this precedent, Plaintiffs must show that *Morgan* "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller*, 335 F.3d at 900. Plaintiffs did not even attempt to make that showing in opposing arbitration, and they still do not try now.

[6] *See, e.g.*, *Perry-Hudson*, 2024 WL 4933332, at *2; *Bender*, 2025 WL 2308484, at *6-7; *LinkedIn Corp.*, 2025 WL 2780788, at *4; *Nutanix, Inc. v. Tessell, Inc.*, 2025 WL 793652, at *2 (N.D. Cal. Mar. 12, 2025); *Turing Video Tech., Inc. v. AGI7 Inc.*, 2025 WL 579190, at *1 (N.D. Cal. Feb. 21, 2025); *Coinmint, LLC v. DX Corr Design, Inc.*, 2023 WL 9595893, at *1 (N.D. Cal. Apr. 24, 2023).

[7] Plaintiffs try to sidestep the Ninth Circuit cases by arguing that they did not address the specific argument Plaintiffs make in this case (Mot. at 7), but the Ninth Circuit *has* articulated the elements and requirements for equitable estoppel under California law. *See, e.g.*, *Herrera*, 104 F.4th at 707 ("Under California law, a nonsignatory to a contract may enforce an arbitration provision under the doctrine of equitable estoppel when 'the claims [against the nonsignatory] are 'intimately founded in and intertwined with' the underlying contract.'" (citation omitted)).

interpretation of California law").[8] The Los Angeles Superior Court has reached a similar result. *See Torres v. Nissan N. Am., Inc*, 2022 WL 14147528, at *4 (Cal. Super. Ct. Aug. 17, 2022) (rejecting same argument because "equitable estoppel [in this context] is a general rule of contract law"). And courts have reached the same conclusion regarding the contract laws of other states. *See, e.g.*, *Munoz v. Conduent State & Local Solns., Inc.*, 2025 WL 799482, at *3 n.4 (10th Cir. Mar. 13, 2025) (applying South Dakota law and concluding that *Morgan* "does not disturb *Arthur Andersen*'s holding that state contract law principles, including equitable doctrines, apply to arbitration agreements"); *James v. Venture Home Solar, LLC*, 715 F. Supp. 3d 203, 210–13 (D. Conn. 2024) (denying reconsideration and holding that *Morgan* did not abrogate Second Circuit's equitable estoppel jurisprudence, and that "the common law contract principle of estoppel is not enhanced or altered to favor arbitration").

In the face of binding, post-*Morgan* Ninth Circuit precedent and the growing weight of authority rejecting their argument, Plaintiffs bury their heads in the sand and assert that courts "disagree as to whether allowing nonsignatories to enforce arbitration agreements through equitable estoppel without showing detrimental reliance is an improper arbitration-favoring rule." Mot. at 5. But their supposed evidence of disagreement does not exist. It is telling that Plaintiffs "have not provided a single case that conflicts" with the Court's decision here. *See Couch*, 611 F.3d at 633. Instead, Plaintiffs resort to misrepresenting cases in an effort to conjure supposed disagreement with the Court's Order in this case.

*First*, Plaintiffs attempt to invent disagreement by pointing to two footnotes in two California Court of Appeal decisions that merely acknowledge that California jurisprudence does not require detrimental reliance for equitable estoppel in the context of arbitration and that plaintiffs in those cases had raised arguments about whether that was proper. *See* Mot. at 5-6 (citing *Ballesteros*, 109 Cal. App. 5th at 1207 n.2; *Davis*, 100 Cal. App. 5th at 835 n.3). But, critically, both of those cases *applied* the same equitable estoppel test at issue here. *See Ballesteros*, 109 Cal.

---

[8] Plaintiffs also suggest that an interlocutory appeal is necessary to "provide critical guidance" for other courts, but the only case they cite is one brought by Plaintiffs' counsel. *See* Mot. at 8 (citing *Woods v. Verve Grp. Eur. GMBH*, No. 24-cv-04909 (N.D. Cal.)).

App. 5th at 1207; *Davis*, 100 Cal. App. 5th at 834. That is a far cry from suggesting (much less holding) that equitable estoppel violates *Morgan*. And the mere acknowledgement of arguments made by litigants does not either: in *Ballesteros*, the court simply acknowledged "that the term 'equitable estoppel' may be a bit of a misnomer" insofar as it does not require detrimental reliance, "as traditional equitable estoppel doctrine would," and that plaintiffs in the *Ford Motor Warranty Cases* had raised an argument before the California Supreme Court. 109 Cal. App. 5th at 1207 n.2. In *Davis*, the court similarly acknowledged that "[i]n the arbitration context, California courts have not applied the four traditional elements for equitable estoppel." *Davis*, 100 Cal. App. 5th at 835 n.3. And while the *Davis* court noted that some *other states* require detrimental reliance for arbitration, *see* Mot. at 5, the court said nothing about California law or even *Morgan*.[9]

*Second*, Plaintiffs point to the California Supreme Court's recent decision in *Ford Motor Warranty Cases* as proof that courts might disagree as to whether equitable estoppel violates *Morgan*. *See* Mot. at 5-6. But the Supreme Court's decision shows the opposite. As Plaintiffs argued in opposing Amplitude's arbitration motion, the respondents in *Ford Motor Warranty Cases* raised the same argument Plaintiffs make here. Instead of endorsing that argument, the Supreme Court devoted a significant portion of its opinion to explaining the line of cases developing the equitable estoppel doctrine and reaffirmed that the doctrine "rests on a fairness rationale." 17 Cal. 5th at 1131-33. Then, the Supreme Court *applied* that doctrine and concluded that the defendant did not meet it. *Id.* at 1138 (holding that the plaintiffs' claims "are not intimately founded in and intertwined with the contractual terms"). Because the claims did not meet the test, the Supreme Court did not address the "alternative argument" that the doctrine violates *Morgan*. *Id.* at 1133 n.4. The Court did ***not*** suggest that the equitable estoppel doctrine was on shaky ground or that any of the prior decisions were inconsistent with *Morgan*. Plaintiffs try to spin the Court's decision not to address the respondents' alternative *Morgan* argument as effectively endorsing it,

---

[9] Indeed, all of the out-of-jurisdiction decisions cited by *Davis* and Plaintiffs pre-dated *Morgan* (2022) by several years and thus do not support their argument. *See* Mot. at 5 (citing *Santich v. VCG Holding Corp.*, 443 P.3d 62, 65–66 (Colo. 2019); *Hirsch v. Amper Fin. Servs., LLC*, 71 A.3d 849, 857–60 (N.J. 2013); *Warciak v. Subway Rests., Inc.*, 880 F.3d 870, 872 (7th Cir. 2018); *Scheurer v. Fromm Fam. Foods LLC*, 863 F.3d 748, 753 (7th Cir. 2017)).

*see* Mot. at 6 (arguing that the Supreme Court's "explicit reservation of the *Morgan* question underscores the substantial ground for difference of opinion"), but that makes no sense. The fact that the Supreme Court declined to address an alternative argument about *Morgan* does ***not*** mean that the argument would have succeeded, or even that it is a colorable argument—only that the Court did not need to reach it.

### B. Interlocutory Appeal Would Undermine the FAA and Not Materially Advance Termination of this Litigation

The Motion should be denied for the additional reason that immediate appeal would not advance this litigation and would defy the Supreme Court's clear instructions regarding the FAA. *See Spizzirri*, 601 U.S. at 473. The FAA embodies "the unmistakably clear congressional purpose that the arbitration procedure . . . be speedy and not subject to delay and obstruction in the courts." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). The FAA's appeal procedures underscore this Congressional command: the denial of a motion to compel arbitration is immediately appealable, 9 U.S.C. § 16(a)(1)(C), while the grant of a motion to compel arbitration is not, *id.* at § 16(b). *See Spizzirri*, 601 U.S. at 478. That is "consistent with Congress's purpose in the FAA 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Id.* (quoting *Mercury Constr.*, 460 U.S. at 22). As Judge Martínez-Olguín recently explained in denying certification of an order compelling arbitration, "Section 1292(b) is not meant to paper over Congress's purpose in shuttling the parties smoothly to arbitration." *Theodore v. Am. Express Nat'l Bank*, 2025 WL 1294648, at *3 (N.D. Cal. May 5, 2025). "Section 1292(b) remains only for 'exceptional circumstances.'" *Id.*

Plaintiffs have it exactly backwards when they claim that "immediate review will allow the litigation to proceed without the cost and delay of an unnecessary arbitration." Mot. at 8. Rather than advancing the ultimate termination of the litigation, an interlocutory appeal will only drag this dispute out further, despite Plaintiffs' prior agreement to resolve the dispute through binding arbitration. *See, e.g.*, *Appel v. Concierge Auctions, LLC*, 2018 WL 4700472, at *4 (S.D. Cal. Oct. 1, 2018) (denying certification because "proceeding to arbitration, rather than certification of interlocutory appeal, will advance the termination of this litigation"); *Captain Bounce, Inc. v. Bus.*

*Fin. Servs., Inc.*, 2012 WL 12846977, at *1 (S.D. Cal. May 21, 2012) (denying certification and holding that appeal "would delay, rather than advance, the termination of this case").

**C. The Order Does Not Involve a Controlling Question of Law**

Plaintiffs also have not established that the Order involves a "controlling question of law," which is one that could "materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Despite framing their request as limited to a "pure question of law," Mot. at 4, the Motion makes clear that Plaintiffs actually seek review of the Court's application of the law to the facts of the case. *See, e.g.*, *Wang v. Zymergen Inc.*, 759 F.Supp.3d 1002, 1011 (N.D. Cal. 2024) ("The application of a legal standard to the facts of the case is not by itself appropriate for certification.") (citation omitted); *Alphabet*, 2025 WL 2578281, at *1. In any event, the Supreme Court and Ninth Circuit have long recognized that "arbitration affects only the choice of forum, not substantive rights." *See, e.g.*, *E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 750 (9th Cir. 2003) (citing *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 296 n.10 (2002)). And, as they acknowledge, Plaintiffs maintain the right to appeal this issue following arbitration. *See* Mot. at 8. So proceeding to arbitration safeguards Plaintiffs' right to appeal this question and comports with California's "strong public policy in favor of arbitration as a speedy and relatively inexpensive method of resolving disputes." *Slaught v. Bencomo Roofing Co.*, 25 Cal. App. 4th 744, 748 (1994).

## IV. CONCLUSION

For the foregoing reasons, Amplitude respectfully requests that the Court deny Plaintiffs' Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).

Dated: October 22, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Michael H. Rubin*

Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Francis J. Acott (Bar No. 331813)

*francis.acott@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Amplitude, Inc.*