UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYLE ATKINS, et al.,

               Plaintiffs,

    v.

AMPLITUDE, INC.,

               Defendant.

Case No.  24-cv-04913-RFL

**ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Re: Dkt. No. 49

Plaintiffs brought this putative class action against Defendant Amplitude, Inc., alleging that developers of mobile applications embedded Amplitude's software development kits ("SDKs") in their applications, where the SDKs would surreptitiously collect data concerning users' locations and in-app activities and transmit that data to Amplitude.  (Dkt. Nos. 1, 23.) Amplitude moved to compel arbitration pursuant to an arbitration agreement Plaintiffs entered into with DoorDash, Inc., a non-party.  (Dkt. No. 36.)  The Court granted the motion under the doctrine of equitable estoppel, which under California law, does not require a non-signatory to prove detrimental reliance.  (Dkt. No. 48.)  Plaintiffs move for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of the following question:  "Whether the rule set forth in *Metalclad Corp. v. Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705 (4th Dist. 2003) and its progeny, allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance, is an arbitration-favoring rule in violation of *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022)."  (Dkt. No. 49.)  For the reasons

1

that follow, the motion is **DENIED**.  This order assumes the parties' familiarity with the facts of the case, the relevant legal standards, and both sides' arguments.

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for appeal if three conditions are met: (1) the "order involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" as to that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Whether a "substantial ground for difference of opinion exists" turns on the extent to which "the controlling law is unclear."  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."  *Id*. (internal quotation marks omitted).

The Court denies Plaintiffs' request for certification of interlocutory appeal.  As to the legal question Plaintiffs seek to certify, there is no substantial ground for difference of opinion. Plaintiffs argue that reasonable jurists might disagree about whether allowing non-signatories to enforce arbitration agreements under an equitable estoppel theory without showing detrimental reliance is an arbitration-favoring rule.  (Dkt. No. 49 at 12.)[1]  They point to California Courts of Appeal decisions acknowledging that California's version of equitable estoppel is different from the traditional formulation because it does not require detrimental reliance, and possibly in tension with the principle articulated in *Morgan*.  *See, e.g.*, *Ballesteros v. Ford Motor Co.*, 109 Cal. App. 5th 1196, 1207 n.2 (Cal. Ct. App. 2025); *Davis v. Nissan N. Am., Inc.*, 100 Cal. App. 5th 825, 835 n.3 (Cal. Ct. App. 2024), *review dismissed, cause remanded sub nom. Davis v. Nissan N. Am.*, 578 P.3d 503 (Cal. 2025).  Plaintiffs also observe that the California Supreme Court has left open the question of whether the rule in *Metalclad* runs afoul of *Morgan*, *see Ford Motor Warranty Cases*, 570 P.3d 857, 864 n.4 (Cal. 2025), and has, in other cases, criticized the

---

[1] All references to page numbers for documents on the docket refer to ECF pagination.

rational supposedly underlying that rule, *see Hohenshelt v. Sup. Ct. of L.A. Cnty.*, 573 P.3d 944, 949 (Cal. 2025).

However, Plaintiffs have not "provided a single [relevant] case that conflicts" with the Court's decision. *Couch*, 611 F.3d at 633. This strongly implies that the issue they seek to certify for interlocutory appeal is not a "novel" one "on which fair-minded jurists might reach contradictory conclusions." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Though the California Courts of Appeal cases that Plaintiffs identify both acknowledge that California law does not require detrimental reliance, they nonetheless applied California's equitable estoppel test. *See Ballesteros*, 109 Cal. App. 5th at 1207; *Davis*, 100 Cal. App. 5th at 834–35. Furthermore, none of the California Supreme Court cases cited by Plaintiffs concluded that the *Metalclad* rule violated *Morgan*. For instance, the California Supreme Court's decision in *Ford Motor Warranty Cases* applied the *Metalclad* rule, concluded that the plaintiffs' claims did not satisfy the rule (*i.e.*, their claims did not depend on or invoke any of the contracts containing the arbitration clauses), and declined to address the alternative argument that the rule was impermissible under *Morgan*. *See Ford Motor Warranty Cases*, 17 Cal. 5th at 1133 n.4, 1133–38.

And, as Plaintiffs acknowledge (Dkt. No. 49 at 14), the Ninth Circuit has consistently cited *Metalclad* and applied its rule, even after the Supreme Court decided *Morgan*. *See, e.g.*, *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128–29 (9th Cir. 2013); *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702, 707 (9th Cir. 2024). Ninth Circuit precedent interpreting state law is "binding in the absence of any subsequent indication from the California courts that [its] interpretation was incorrect." *AGK Sierra De Montserrat, L.P. v. Comerica Bank*, 109 F.4th 1132, 1136 (9th Cir. 2024) (quoting *Alvarez v. Chevron*, 656 F.3d 925, 932 (9th Cir. 2011)). As discussed above, California courts have provided no such indication. Accordingly, Plaintiffs' motion for certification of interlocutory appeal is denied. The Court needs not consider Defendants' arguments that Plaintiffs have failed to demonstrate the other requirements of Section 1292(b).

*Conclusion*.  For the foregoing reasons, Plaintiffs' motion for certification of interlocutory appeal is denied.  Pursuant to the Court's order on the parties' stipulation regarding arbitration status reports (Dkt. No. 60), the parties shall file their first status report on **July 23, 2026**.

**IT IS SO ORDERED.**

Dated: March 25, 2026

RITA F. LIN
United States District Judge